UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE-NIGEL BARNETT,<br><br>                              Plaintiff,<br><br>            -against-<br><br>CHRISTI J. ACKER, JENNIFER R.<br>BRENNAN, HARIS H. AUGUSTIN and<br>MICHAEL THOMPSON,<br><br>                              Defendants. | 25-CV-6174 (CS)<br><br>ORDER OF DISMISSAL |

CATHY SEIBEL, United States District Judge:

Plaintiff Andre-Nigel Barnett brings this *pro se* action, for which the filing fees have been

paid, under 42 U.S.C. § 1983, alleging that Defendants Judge Christi J. Acker, Jennifer R.

Brennan, Hans H. Augustin,[1] and Michael Thompson violated his rights under the First, Fifth,

Seventh, and Fourteenth Amendments of the U.S. Constitution.  The Court dismisses the claims

against Acker and Thompson without leave to amend, and dismisses the claims against Brennan

and Augustin with 30 days' leave to replead in an amended complaint.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh St. Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*), or that the Court lacks subject matter

jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court also may

dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an

---

[1] Although Plaintiff names this defendant "Haris H. Augustin," the correct name is Hans
H. Augustin. (*See* ECF No. 23.)

opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), *abrogated on other grounds by Murphy v. Hughson*, 82 F.4th 177 (2d Cir. 2023).[2]

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2] Unless otherwise indicated, case quotations omit internal citations, quotation marks, footnotes and alterations.

Submissions by *pro se* plaintiffs are to be construed liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), examined with "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010), interpreted "to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), and "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations" that the plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). A court has inherent power to dismiss without leave to amend or replead "where the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir, 2011).

## BACKGROUND

The following allegations are taken from both the Complaint and the Amended Complaint.[3] On November 15, 2023, Lakeview Loan Servicing, LLC ("Lakeview"), filed a foreclosure action against Plaintiff and Kimberly-Sarah Barnett in New York Supreme Court, Dutchess County. (AC at 1-2.) Plaintiff alleges that Brennan and Augustin, Lakeview's attorneys, commenced the action despite evidence of falsified service and invalid assignments.

---

[3] Plaintiff filed his initial compliant on July 28, 2025. (ECF No. 1 ("Compl.").) He then filed an Amended Complaint on October 5, 2025, (ECF No. 32 ("AC")), without leave of court. Although Plaintiff titled his second pleading "Amended Complaint," it is in effect a supplemental pleading that seeks to add facts based on events that occurred after the filing of the lawsuit. (*See* AC at 1.) Plaintiff's supplemental pleading is improper under Federal Rule of Civil Procedure 15(d) because he did not seek leave of court. But in light of Plaintiff's *pro se* status, the Court will consider the allegations in both the Complaint and the Amended Complaint. (All citations to documents submitted by Plaintiff use the page numbers generated by the Court's Electronic Case Filing ("ECF") system.)

3

(Compl. at 2-3, 6; AC at 2.)  *See Lakeview Loan Servicing, LLC v. Barnett et al.*, Index No. 2023-54677 (N.Y. Sup. Ct. Nov. 15, 2023).  Plaintiff also alleges that Acker and various unnamed employees in the Dutchess County Supreme Court Clerk's Office (the "Clerk's Office") either refused to docket his submissions or failed to act on them once docketed.  First, on February 11, 2025, "John Doe Clerks 1-5" failed to docket a hearing on Plaintiff's "Notice of Motion" even though Plaintiff submitted evidence challenging the foreclosure's validity. (Compl. at 6.)  Then, on March 24, 2025, the Clerk's Office ignored Plaintiff's "Motion for Judicial Notice" despite evidence of falsified service by Lakeview.  (*Id.*)  On April 4, 2025, the Clerk's Office did not process Plaintiff's "Motion to Vacate Note of Issue" objecting to incomplete discovery and a non-jury trial.  (*Id.*)  On May 7, 2025, Acker refused to rule on Plaintiff's motion for injunctive relief.  (*Id.*)  Plaintiff alleges that Defendants processed Lakeview's filings.  (*Id.* at 7.)

Finally, on October 1, 2025, Acker issued a decision and order denying Plaintiff's motion to dismiss and granting Lakeview's motion for summary judgment (the "October 1 order").  (AC at 2.)  *See Lakeview Loan Servicing, LLC*, Index No. 2023-54677, Dkt. No. 246.  Plaintiff alleges that the timing of Acker's decision – less than three weeks after Acker was served in this action – suggests that she retaliated against Plaintiff for his lawsuit.  (AC at 2.)  Plaintiff also contends that the October 1 order is void because it is unsupported by the evidence and contrary to the law.  (*Id.* at 3.)

Plaintiff filed the Complaint on July 28, 2025 and the Amended Complaint on October 5, 2025, seeking compensatory and punitive damages; an injunction halting the foreclosure proceedings, compelling Defendants to process and calendar outstanding motions, and preventing Defendants from enforcing the October 1 order; a declaratory judgment that

Defendants violated his First, Fifth, and Fourteenth Amendment rights and that the October 1 order is void; and costs and fees.  (Compl. at 8; AC at 3-4.)

## DISCUSSION

### A.    Claims against Acker and Thompson

#### 1.    Monetary Damages

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."  *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).  Judicial immunity does not apply when the judge takes action outside of the judge's judicial capacity or when the judge takes action that, although judicial in nature, is "in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  "In determining whether an act by a judge is judicial, thereby warranting absolute immunity, [courts] take a functional approach . . . ."  *Bliven*, 579 F.3d at 209.  "The factors determining whether an act by a judge is a judicial one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."  *Id.* at 210.  "Judicial immunity has been extended to court clerks and 'others who perform functions closely associated with the judicial process' when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar."  *Felicie v. Brown*, No. 24-CV-7446, 2025 WL 1446907, at *4 (S.D.N.Y. May 19, 2025) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)); *see Dieujuste v. Sin*, 125 F.4th 397, 399 (2d Cir. 2025) ("Absolute judicial immunity also extends to those who, at the direction of a judicial officer, perform administrative functions

closely associated with the judicial process."), *cert. denied*, No. 24-6901, 2025 WL 2823832 (U.S. Oct. 6, 2025) (mem.).[4]

Here, Plaintiff alleges that Acker, Thompson, and "John Doe Clerks 1-5" failed to process, calendar, or rule on Plaintiff's submissions in the ongoing foreclosure action. Those actions are unquestionably judicial in nature. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) ("A court's inherent power to control its docket is part of its function of resolving disputes between parties . . . [and] is a function for which judges and their supporting staff are afforded absolute immunity."); *Felicie*, 2025 WL 1446907, at *4 ("Courts have held that Clerk's Office activities of filing and docketing legal documents are an integral part of the judicial process and are thus entitled to absolute immunity.") (collecting cases); *Miller v. Apple, Inc.*, No. 25-CV-1172, 2025 WL 1852964, at *4 (S.D.N.Y. Apr. 7, 2025) (judicial immunity applied where plaintiff complained of actions that "arose out of, or were related to, individual cases before the judges he seeks to sue"), *report and recommendation adopted*, 2025 WL 1554589 (S.D.N.Y. June 2, 2025).

Acker is also immune from suit for damages for her October 1 order. *See Frascatore v. Wilmington Sav. Fund Soc'y, FSB*, No. 22-CV-212, 2022 WL 16716169, at *6 (D. Conn. Nov. 4, 2022) (foreclosure judgment "is a function normally performed by a judge"); *Chounlamontry v. Shortall*, 784 F. Supp. 3d 517, 530 (D. Conn. 2024) (judge immune from rulings in state foreclosure case), *report and recommendation adopted* (Apr. 30, 2025). That is true even though Plaintiff alleges that Acker issued the order in bad faith, *see Hunter v. McMahon*, 751 F. Supp. 3d 246, 254 (W.D.N.Y. 2024) ("[E]ven acts taken in bad faith will not strip a judge of immunity.");

---

[4] The Court will send Plaintiff copies of any unreported decisions cited in this Order.

*United States v. Bommer*, 613 F. Supp. 3d 712, 719-20 (W.D.N.Y. 2020) ("Allegations that the judge acted in bad faith or with malice . . . do not pierce the protection of immunity."), and that the ruling is contrary to the law and the facts, *see Chounlamontry*, 784 F. Supp. 3d at 530 (D. Conn. 2024) (judicial immunity applied where plaintiff alleged that judge's rulings were "based on a manifest error of the law"); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 524 (E.D.N.Y. 2010) ("[J]udicial immunity is not stripped based on the propriety of [a judge's] particular rulings, where there is no question as to her subject matter jurisdiction over the case."), *aff'd*, 434 F. App'x 32 (2d Cir. 2011).[5]

Accordingly, Plaintiff's claims for monetary damages against Acker, Thompson, and "John Doe Clerks 1-5" are dismissed.

### 2. Declaratory and Injunctive Relief

In addition to his damages request, Plaintiff seeks a declaration that Defendants "violated Plaintiff['s] First, Fifth, and Fourteenth Amendment rights" and that the October 1 order is "void," as well as an injunction "halting foreclosure proceedings," "compelling Defendants to process and calendar outstanding motions," and preventing Defendants from enforcing the October 1 order. (Compl. at 8; AC at 3-4.) Those claims likewise fail.

"Absolute judicial immunity bars declaratory judgment claims that are retrospective in nature in that they seek a declaration that a judge's past behavior has violated the Constitution."

---

[5] Plaintiff alleges that Acker issued the October 1 order "in clear absence of jurisdiction," (AC at 3), but his allegation relates to Lakeview's standing to foreclose on the mortgage, not to the New York Supreme Court's jurisdiction to hear foreclosure cases, which it unquestionably has, *see Wentworth v. Femano*, No. 21-CV-3911, 2022 WL 17555297, at *3 (E.D.N.Y. Dec. 9, 2022). Accordingly, Plaintiff's allegation is insufficient to deprive Acker of judicial immunity. *See Frascatore*, 2022 WL 16716169, at *6-7 (allegation that judge ignored plaintiff's argument that the plaintiff in the foreclosure action lacked standing insufficient to allege that judge acted in clear absence of all jurisdiction).

*Leathersich v. Cohen*, No. 18-CV-6363, 2018 WL 3537073, at *4 (W.D.N.Y. July 23, 2018), *appeal dismissed*, No. 18-2600, 2019 WL 994360 (2d Cir. Jan. 30, 2019); *see Bythewood v. New York*, No. 22-2542, 2023 WL 6152796, at *2 (2d Cir. Sept. 21, 2023) (summary order) (plaintiff "cannot avoid the application of immunity by seeking a declaration that a judge violated his federal rights through prior adverse rulings").  Plaintiff seeks an improper retrospective declaration that Acker and Thompson violated his constitutional rights and that the October 1 order is void, so his claim for declaratory relief is dismissed.  *See Felgemacher v. Carney*, No. 25-CV-128, 2025 WL 2261251, at *6 (W.D.N.Y. Aug. 6, 2025) (dismissing request for declaration that judge "violated [plaintiff's] rights under the Fourteenth Amendment by depriving him of procedural due process"), *appeal filed*, No. 25-2145 (2d Cir. Sept. 5, 2025); *Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP*, No. 20-CV-9784, 2022 WL 901660, at *17 n.30 (S.D.N.Y. Mar. 28, 2022) (declaration that "proceedings, orders, and judgments issued during Plaintiff's divorce proceedings are null and void" retrospective in nature and barred by judicial immunity).

Further, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  This "statutory judicial immunity bars all claims for injunctive relief against judges for acts taken in their judicial capacity unless the plaintiff alleges that a declaratory decree was violated or that declaratory relief was unavailable." *Hunter*, 751 F. Supp. 3d at 252 n.5; *see McCluskey v. N.Y. State Unified Ct. Sys.*, 442 F. App'x 586, 588 (2d Cir. 2011) (summary order).  Plaintiff has not alleged that Acker or Thompson violated a declaratory decree or that one was unavailable. Accordingly, his claims for injunctive relief are dismissed.  *See Feng Li v. Rabner*, 643 F. App'x

57, 59 (2d Cir. 2016) (summary order) (claims for injunctive relief properly dismissed where

plaintiff "does not allege that the defendants violated a declaratory decree or that this relief was

unavailable").[6]

For the reasons stated above, all claims against Acker and Thompson are dismissed. *See*

*Rolle v. Shields*, No. 16-CV-2487, 2016 WL 3093898, at *1 (E.D.N.Y. June 1, 2016) ("[I]n cases

---

[6] Plaintiff's request for an injunction is also barred by the Anti-Injunction Act and *Younger* abstention.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Here, Plaintiff seeks to stay a state court foreclosure action and none of the exceptions apply because "(1) there is no congressional Act exempting foreclosure actions from the Anti-Injunction Act, (2) the state court proceeding is not *in rem* and (3) there have not been extensive federal court proceedings nor has this Court entered any judgments that would require protection from the state court." *Manning v. City of N.Y.*, No. 24-CV-4747, 2024 WL 3377997, at *2 (S.D.N.Y. July 11, 2024). Therefore, the Anti-Injunction Acts bars Plaintiff's request for an injunction halting the state court proceedings.

The proposed injunction is also barred by *Younger* abstention. "The *Younger* abstention doctrine cautions against enjoining or otherwise interfering in ongoing state proceedings." *Id.* (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013) and *Trump v. Vance*, 941 F.3d 631, 637 (2d Cir. 2019), *aff'd and remanded*, 591 U.S. 786 (2020)). "[A]bstention is applicable in only three circumstances: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts." *Toczek v. Alvord*, 841 F. App'x 263, 266 (2d Cir. 2021) (summary order). It is well settled that *Younger* abstention is appropriate where a plaintiff seeks "to enjoin state court foreclosure proceedings, as foreclosure actions concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide the plaintiff with an adequate forum to make the arguments he seeks to raise in this court." *Keir v. Schoeberl*, No. 25-CV-56, 2025 WL 437953, at *2 (N.D.N.Y. Feb. 7, 2025), *reconsideration denied*, 2025 WL 520764 (N.D.N.Y. Feb. 18, 2025); *see Toczek*, 841 F. App'x at 266; *Manning*, 2024 WL 3377997, at *3; *Plotch v. Wells Fargo Bank, N.A.*, 413 F. Supp. 3d 129, 134 (E.D.N.Y. 2018). Accordingly, Plaintiff's request to enjoin the foreclosure proceedings and compel the state court to process his motions is barred by *Younger* abstention.

To the extent Plaintiff believes that the result of the state court proceedings is erroneous, he will have appellate remedies within the state court system.

of judicial immunity, a Court may dismiss a complaint, *sua sponte*, without affording a hearing or other notice of dismissal."), *aff'd*, No. 16-2307, 2017 WL 6759305 (2d Cir. Apr. 26, 2017).

**B.    Claims against Brennan and Augustin**

"Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting under the color of state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014). There are no facts in either the Complaint or the Amended Complaint from which the Court can infer that Brennan and Augustin are state actors, as opposed to private attorneys. Plaintiff alleges that Augustin is a "[c]ounty appointed [a]ttorney," (Compl. at 3), but even if that were true, "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel . . . do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez*, 116 F.3d at 65-66; *see Delarosa v. Serita*, No. 14-CV-737, 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014) (collecting cases).

The Second Circuit has held that a private individual may be liable under § 1983 if he or she "acted in concert with the state actor to commit an unconstitutional act," meaning that he or she was "a willful participant in joint activity with the State or its agents." *Betts*, 751 F.3d at 84. But here, both the Complaint and the Amended Complaint are devoid of any factual allegations suggesting that Brennan or Augustin acted together with Acker or Thompson to deprive Plaintiff of his constitutional rights. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (dismissing § 1983 claims against private actor where complaint contained no allegations that actor conspired with the county); *Gill v. Silver Invs. Inc.*, 413 F. Supp. 3d 123, 128 (E.D.N.Y. 2016) (to the same effect). Accordingly, Plaintiff has failed to state a claim against Brennan and Augustin.

10

**CONCLUSION**

The Court dismisses the claims against Acker and Thompson under the doctrine of judicial immunity. The Court dismisses the claims against Brennan and Augustin for failure to state a claim upon which relief can be granted. But the Court grants Plaintiff 30 days' leave to replead his claims against Brennan and Augustin in a second amended complaint.[7] Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 25-CV-6174 (CS). A Second Amended Complaint form is attached to this order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed as frivolous. The pre-motion conference scheduled for October 21, 2025 is adjourned without date.[8]

Although Plaintiff paid the filing fee to initiate this action, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and

---

[7] Leave to amend is granted only as to Brennan and Augustin. The second amended complaint must contain sufficient facts to render the claims against them plausible, as explained above. "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello*, 292 F.3d at 324; *see Harrison v. New York*, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) ("[T]he pleadings asserting joint activity must allege specific facts tending to show agreement and concerted action."). In addition, any documents Plaintiff wishes to attach must be either physically attached to a paper copy of the second amended complaint or included as part of a PDF containing the second amended complaint and all exhibits. The Court cannot consider documents in electronic storage accessed via a QR code or links in an email.

[8] On October 5, 2025, Plaintiff moved for a temporary restraining order and preliminary injunction. (ECF No. 34.) In light of the dismissal of the underlying claims, the motion is denied as moot. *See Williams v. Scott*, No. 24-CV-4719, 2025 WL 1371664, at *6 (E.D.N.Y. May 12, 2025); *Melnitzky v. Lopreto*, No. 06-CV-13206, 2006 WL 3500016, at *4 (S.D.N.Y. Dec. 4, 2006). Even if the request were not moot, the Court would deny it because Plaintiff has failed to show a likelihood of success on the merits for the reasons set forth above. *See Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008).

11

therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to terminate ECF No. 34 and terminate Judge Christi J. Acker and Michael Thompson as Defendants.

**SO ORDERED.**

Dated: October 8, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

## COMPLAINT

Do you want a jury trial?
    ☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
(Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____

Telephone Number                      Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

Defendant 2: _____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

Defendant 3: _____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City               State              Zip Code

_____
Telephone Number              E-mail Address

_____
Date                          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007